UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21123-CIV-KING/BANDSTRA

MICHAEL ABELS and )
JACKELINE ABELS, husband and )
wife, on behalf of themselves and all )
persons initially similarly situated, )
)
      Plaintiffs, )
)
v. )
)
JPMORGAN CHASE BANK, N.A., )
a foreign corporation, and )
CHASE HOME FINANCE, LLC, )
a foreign limited liability )
company, )
)
_____)

**THIRD AMENDED CLASS ACTION COMPLAINT**

Plaintiffs, on behalf of themselves and all others similarly situated, allege the following based on personal knowledge as to allegations regarding the plaintiffs and upon information and belief as to all other allegations.

**NATURE OF THE ACTION**

1.    This is an action seeking damages and other relief against JPMorgan Chase Bank, N.A. ("JPMorgan Chase") and its wholly owned subsidiary Chase Home Finance, LLC ("Chase Home Finance") (collectively, "Chase"), among the country's largest residential mortgage lenders and loan servicers, respectively, resulting from their exploitative self-dealing in connection with temporary force-placed insurance procured in connection with residential mortgage loans originated, owned and/or serviced by Chase. Plaintiffs allege that Chase derives an improper financial benefit by charging residential borrowers for the "cost" of procuring

temporary forced-placed insurance from American Security Insurance Company, but that a portion of such "cost" is returned, transferred or paid to Chase or an affiliate. Plaintiffs seek to recover damages equal to the amount of the improper and inequitable financial benefit received by Chase and/or its affiliate as a result of this anti-consumer practice, and to rescind the future collection of amounts charged against the mortgage accounts of residential borrowers but not yet collected.

## JURISDICTION AND VENUE

2.     This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) and (6), because the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs, and because at least one Plaintiff is a citizen of a different state than JPMorgan Chase and Chase Home Finance.

3.     Venue is proper in this district pursuant to 28 U.S.C. 139, because JPMorgan Chase and Chase Home Finance are subject to personal jurisdiction here and regularly conduct business in the Southern District of Florida, and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred and continue to occur in this district.

## PARTIES

4.     Michael Abels and Jackeline Abels are and have, at all relevant times, been residents of Miami-Dade County, Florida.

5.     JPMorgan Chase is a national bank organized under the laws of the United States of America, with its headquarters located in New York. JPMorgan Chase makes residential mortgage loans, in addition to providing many other banking services. JPMorgan Chase regularly and systematically conducts business throughout the State of Florida, including in this district. JPMorgan Chase is a wholly owned subsidiary of JPMorgan Chase & Co., one of the

largest financial holding companies in the world. JPMorgan Chase & Co. also directly or indirectly owns an interest in Assurant, Inc. which, in turn, directly or indirectly owns American Security Insurance Company ("American Security").

6. Chase Home Finance is a foreign limited liability company with its headquarters located in New Jersey. Chase Home Finance regularly and systematically conducts business throughout the State of Florida, including in this district. Chase Home Finance is a wholly owned subsidiary of JPMorgan Chase and serves as its exclusive mortgage servicing agent, as well as for other residential mortgage lenders.

## **CLASS ALLEGATIONS**

7. Plaintiffs bring this action on behalf of themselves and all others similarly situated pursuant to Fed. R. Civ. P. 23. This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of Rule 23(a)(1)-(4) and (b)(3).

8. The proposed classes are defined as:

> All persons or entities in the United States who, within the applicable statute of limitations preceding the filing of this action, were charged for temporary force-placed insurance procured by JPMorgan Chase or Chase Home Finance through American Security in connection with a residential mortgage originated, owned and/or serviced by Chase (the "National Class").

> All persons or entities in the State of Florida who, within the applicable statute of limitations preceding the filing of this action, were charged for temporary force-placed insurance procured by JPMorgan Chase or Chase Home Finance through American Security in connection with a residential mortgage originated, owned and/or serviced by Chase (the "Florida Subclass").

The National Class and the Florida Subclass are collectively referred to as the "Classes."

9. Plaintiffs reserve the right to modify or amend the definition of the proposed Classes before the Court determines whether certification is appropriate.

10. Excluded from the Classes are Chase, their respective parents, subsidiaries, affiliates, officers and directors, as well as any entity in which they have controlling interests.

11. The members of the Classes are so numerous that joinder is impractical. The Classes are believed to consist of thousands of members, whose identities are within the exclusive knowledge of and can only be ascertained by resort to the records of JPMorgan Chase and/or Chase Home Finance.

12. There are questions of law and fact common to Plaintiffs and the Classes which predominate over questions affecting individual Class members. These common questions include:

   a. Whether JPMorgan Chase and/or Chase Home Finance breached the implied covenant of good faith and fair dealing by charging their residential borrowers amounts for temporary forced-placed insurance procured from American Security, a portion of which were returned, transferred or paid to Chase or an affiliate;

   b. Whether JPMorgan Chase and/or Chase Home Finance were unjustly enriched by charging their residential borrowers amounts for temporary forced-placed insurance procured from American Security, a portion of which were returned, transferred or paid to Chase or an affiliate; and

   c. Whether the provision in JPMorgan Chase's standard residential mortgage instrument authorizing Chase to charge borrowers for the "cost" of obtaining temporary force-placed insurance is procedurally and substantively unconscionable because it does not authorize nor contemplate that Chase or an affiliate will derive a hidden financial benefit by procuring force-placed insurance

from American Security, where a portion of the amounts charged to residential borrowers' accounts are returned, transferred or paid to Chase or an affiliate.

17. Plaintiffs' claims are typical of the claims of other members of the Classes. Plaintiffs, like all members of the Classes, were charged for temporary force-placed insurance procured by JPMorgan Chase and/or Chase Home Finance from American Security to insure property secured by a residential mortgage originated, owned and/or serviced by Chase. Plaintiffs, like all Class members, sustained damages based on the same actions of JPMorgan Chase and/or Chase Home Finance and have no interests antagonistic to the interests of any members of the Classes.

18. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in the prosecution of complex litigation and consumer class actions. Plaintiffs and their counsel will fairly and adequately protect the interests of the Classes.

19. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the amount of each Class member's claim is small relative to the complexity of the litigation, and due to the financial resources of Chase, Class members cannot realistically afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, members of the Classes have no realistic likelihood of recovering their damages and Chase's wrongful practices alleged herein will continue unabated.

20. Even if members of the Classes could afford to pursue individual litigation, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. In contrast, a class action presents far fewer management difficulties,

allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court. Thus, a class action will allow redress for many persons whose claims would otherwise be too small to litigate individually. There will be no difficulty in the management of this action as a class action.

## COMMON FACTUAL ALLEGATIONS

21. In June 2005, Plaintiffs obtained a loan from JPMorgan Chase in the amount of $194,582.00, secured by a residential mortgage on property located in Miami-Dade County, Florida. A copy of the mortgage is attached as Exhibit A.

22. Plaintiffs' mortgage is a standardized single family residential mortgage instrument utilized by JPMorgan Chase in connection with all or most residential mortgage loans in the State of Florida. JPMorgan Chase utilizes substantially similar mortgage instruments in other states where it engages in residential mortgage lending.

23. Pursuant to a longstanding arrangement, the details of which are currently unknown to Plaintiffs, Chase Home Finance has serviced Plaintiffs' residential mortgage loan at all times since June 2005. As the loan servicer, Chase Home Finance is responsible for servicing and protecting JPMorgan Chase's interests by, *inter alia*, sending monthly mortgage statements, collecting monthly mortgage payments, collecting and maintaining escrows for taxes and insurance (where required), paying taxes and insurance (where required), monitoring and ensuring that all required forms of insurance are in full force and effect, notifying borrowers of insurance lapses and other required actions, procuring and paying for force-placed insurance, and accounting for and remitting borrowers' payments to JPMorgan Chase after deducting servicing fees and other costs and expenses.

24.     Chase Home Finance serves as the exclusive loan servicing agent for all or most residential mortgage loans originated and/or owned by JPMorgan Chase. Furthermore, Chase Home Finance generally continues to serve as the loan servicing agent for most residential mortgage loans originated by JPMorgan Chase following their sale or transfer.

25.     Pursuant to the mortgage, Plaintiffs are required to insure the improvements on the real property:

> 5. Property Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included with the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the period that Lender requires. …The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably…If Borrower fails to maintain any of the coverage described above, Lender may obtain insurance coverage, at Lender's option and Borrowers expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage that was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

26.     All or most of JPMorgan Chase's standardized residential mortgage instruments contain substantially similar provisions regarding property insurance to those in Section 5 of Plaintiffs' mortgage.

27.     While this standardized provision states that the "cost of the [force-placed] insurance so obtained might significantly exceed the cost of insurance that Borrower could have

obtained," it does not authorize nor contemplate that Chase or an affiliate will derive a hidden profit or financial benefit by procuring force-placed insurance from American Security.

28.     From the inception of the mortgage until September 26, 2007, Plaintiffs maintained all insurance coverage required by the mortgage, including non-windstorm casualty coverage. The annual premium for the non-windstorm casualty coverage was approximately $500.

29.     On September 26, 2007, the non-windstorm policy on Plaintiffs' property was not renewed, resulting in a 20-day temporary lapse in coverage until October 15, 2007.

30.     During that 20-day period, JPMorgan Chase and/or Chase Home Finance secured force-placed insurance coverage from American Security. The premium for the 20 days of temporary coverage totaled $403, an annualized premium of well over $7,300, almost 15 times the annual premium previously paid by Plaintiffs. A copy of the notification from Chase regarding the temporary forced-placed insurance coverage is attached as Exhibit B.

31.     In its notification to Plaintiffs, Chase did not disclose that it or an affiliate derived a profit or financial benefit because a portion of the so-called "cost" of procuring force-placed insurance from American Security – which was charged to Plaintiffs' account – would be returned, transferred or paid to Chase or an affiliate.

32.     JPMorgan Chase and/or Chase Home Finance improperly engaged in self-dealing at the expense of Plaintiffs, in a manner not disclosed under Section 5 of the mortgage nor within the reasonable contemplation of the parties, by charging Plaintiffs an amount representing the so-called "cost" of procuring force-placed insurance from American Security where a portion of the "cost" was subsequently returned, transferred or paid to Chase or an affiliate, thereby enabling Chase or its affiliate to earn a hidden profit or financial benefit.

8

33. Plaintiffs lack administrative remedies to address the wrongful conduct alleged herein.

34. The Florida Department of Insurance and/or the Office of Insurance Regulation ("OIR") govern rates filed by insurance companies. Although the OIR governs insurance rates filed by insurance companies, this is not an action against an insurance company and, therefore, not subject to Fla. Stat. § 627.371(1), which provides an administrative remedy for insured persons aggrieved by insurance rates.

35. JPMorgan Chase and/or Chase Home Finance are not insurance companies and, therefore, are not regulated by the Florida Department of Insurance and/or the OIR. JPMorgan Chase is a financial institution, subject to the regulations set forth in Chapter 655, Florida Statutes. Fla. Stat. § 655.946, which permits a financial institution to purchase force-placed insurance to cover the institution's property interest which is security for a loan or indebtedness, does not contain any administrative remedies for borrowers, like Plaintiffs, to challenge excessive amounts charged by their lender associated with obtaining "force-placed" insurance coverage. Unlike the OIR, which establishes an administrative remedy for insured persons seeking to challenge excessive insurance rates, the Office of Financial Regulation ("OFR") has no such administrative remedy in place. Consequently, the only recourse for borrowers, like Plaintiffs, who are charged excessive amounts for force-placed insurance coverage by their mortgage lenders and/or their agents, is to bring a civil claim against the mortgage lender and/or agent.

36. Alternatively, even if an administrative remedy was available, Plaintiffs have exhausted such administrative remedies by filing complaints with the proper administrative agencies. Plaintiffs filed complaints with the OFR, the Florida Department of Agriculture and

Consumer Services, and the OIR, requesting that each of the agencies investigate the conduct of Chase described herein. Copies of these complaints are attached as Exhibits C, D and E, respectively.

37. The OFR informed Plaintiffs that it does not have jurisdiction over JPMorgan Chase because it is national bank governed by the Comptroller of the Currency Administrator of National Banks. The Florida Department of Agriculture and Consumer Services also notified Plaintiffs that it did not have jurisdiction over the subject matter, but would forward the request to the Department of Financial Services. Copies of these letters are attached as Exhibits F and G, respectively.

38. The Comptroller of the Currency Administrator of National Banks notified Plaintiffs that it had contacted JPMorgan Chase, and that JPMorgan Chase would respond directly to Plaintiffs. Thereafter, JPMorgan Chase's agent Chase Home Finance responded to Plaintiffs, stating that it is required to ensure that "[Plaintiffs'] property has insurance coverage at all times" and that it would therefore purchase insurance for periods in which the home was not insured. Chase Home Finance acknowledged that the insurance it purchased on behalf of JPMorgan Chase would be more expensive than insurance Plaintiffs may have obtained themselves, because a property inspection would not be performed by the insurance company. Thereafter, Chase Home Finance sent another letter to Plaintiffs, reiterating its position that the forced-placed insurance it purchased is more expensive. Both letters, however, fail to disclose that Chase or an affiliate earned a hidden profit or other form of monetary benefit by procuring forced-placed insurance from American Security, something not within the reasonable expectation of the parties. Copies of these letters are attached as Exhibits H, I and J, respectively.

39. On January 20, 2009, the Chief Financial Officer of the Florida Department of Financial Services responded to Plaintiffs' complaint, forwarded by the Florida Department of Agriculture and Consumer Services, and stated that it would forward Plaintiffs' concerns to the OFR since "issues pertaining to the banking and financial industries are handled by the Office of Financial Regulation." A copy of this letter is attached as Exhibit K.

40. On January 27, 2009, the Comptroller of the Currency Administrator of National Banks acknowledged receipt of Plaintiffs' complaint which had been forwarded by the OIR, as well as another complaint forwarded by the OFR in which different case numbers had been established by each agency. To avoid any further duplication, the Comptroller of the Currency Administration of National Banks decided that it would close the case number with the OIR, but would maintain the original case number with the OFR. A copy of this letter is attached as Exhibit L.

41. As is evident from the correspondence described above, no meaningful administrative remedy exists to address Plaintiffs' complaints concerning the conduct described herein.

42. All conditions precedent to the relief sought herein have been performed, occurred or been waived.

## COUNT I
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

43. Plaintiffs repeat paragraphs 21 through 42 above.

44. The implied covenant of good faith and fair dealing is part of every contract. While the implied covenant cannot override an express contractual term, it attaches to the performance of a specific contractual provision. The duty to act in good faith limits one party's ability to act in a manner that contravenes the reasonable expectations of the other party.

11

45. Good faith and fair dealing, in connection with the discharge of performance and other duties according to contractual terms, means preserving the spirit – not merely the letter – of the bargain. Put differently, the parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form.

46. Although Section 5 of its standardized residential mortgage authorizes Chase to charge Plaintiffs and members of the Classes the cost of procuring force-placed insurance coverage in the event Plaintiffs and members of the Classes fail to maintain required coverage, it does not authorize nor contemplate that Chase or an affiliate will earn a hidden profit or financial benefit by charging residential borrowers for the "cost" of procuring temporary forced-placed insurance from American Security, where a portion of such "cost" is returned, transferred or paid to Chase or an affiliate, and such fact was not within the reasonable expectations of Plaintiffs and the Classes.

47. JPMorgan Chase and/or Chase Home Finance breached the implied duty of good faith and fair dealing by earning a hidden profit or other financial benefit by charging residential borrowers for the "cost" of procuring temporary forced-placed insurance from American Security, where a portion of such "cost" is returned, transferred or paid to Chase or an affiliate.

48. Plaintiffs and the Class have sustained damages as a result of JPMorgan Chase's and/or Chase Home Finance's breach of the implied covenant of good faith and fair dealing, representing the amount of the hidden profit or financial benefit earned by Chase or its affiliate on temporary force-placed insurance procured through American Security.

## COUNT II
## UNJUST ENRICHMENT

49. Plaintiffs repeat paragraphs 21 through 42 above.

50. Although Section 5 of JPMorgan Chase's standardized residential mortgage authorizes it to procure forced-placed insurance to protect its interest, and that the "cost" of such insurance may be more expensive than comparable insurance coverage obtained by Plaintiffs and members of the Classes, no contract authorizes Chase or an affiliate to earn a hidden profit or other financial benefit by collecting amounts from residential borrowers for the "cost" of procuring temporary forced-placed insurance from American Security, where a portion of such "cost" was returned, transferred or paid to Chase or an affiliate.

51. JPMorgan Chase and/or Chase Home Finance have been unjustly enriched at the expense of Plaintiffs and the Classes, in an amount to be proven at trial. It would be inequitable to allow JPMorgan Chase and/or Chase Home Finance to retain these benefits at the expense of Plaintiffs and the Classes.

52. JPMorgan Chase and/or Chase Home Finance, the benefitted party, ought to compensate Plaintiffs and the Classes equal to all amounts collected from Plaintiffs and the Classes which represent the hidden profits or other financial benefits received by Chase or an affiliate.

53. JPMorgan Chase and/or Chase Home Finance received and are holding funds belonging to Plaintiffs and the Classes, which in equity and good conscience they should not be permitted to keep.

### COUNT III
### UNCONSCIONABILITY

54. Plaintiffs repeat paragraphs 21 through 42 above.

55. The provision in JPMorgan Chase's standard residential mortgage instrument authorizing Chase to charge borrowers the "cost" of obtaining temporary force-placed insurance is procedurally and substantively unconscionable.

13

56. While this standardized provision states that the "cost of the ["force-placed"] insurance so obtained might significantly exceed the cost of insurance that Borrower could have obtained," it does not authorize nor contemplate that Chase or an affiliate will derive a hidden profit or financial benefit by charging Plaintiffs and the Classes for the "cost" of procuring force-placed insurance from American Security, where a portion of the amount paid to American Security is returned, transferred or paid to Chase or an affiliate.  No reasonable person would have contemplated or agreed to the foregoing provision if they were aware that a portion of the "cost" of force-placed insurance procured by Chase – and charged back to the mortgage accounts of Plaintiffs and the Classes – would be returned, transferred or paid to Chase or an affiliate.

57. Here, Plaintiffs and the Classes are borrowers.  JPMorgan Chase does not negotiate these terms with borrowers.  Plaintiffs and the Classes were also not in a position to know of or experience the results of Chase's practices before obtaining their mortgages.

58. Considering the great business acumen and experience of Chase in relation to Plaintiffs and the Classes, the great disparity in the parties' relative bargaining power, the inconspicuousness and incomprehensibility of the contract language at issue, the purpose and effect of the applicable terms, the allocation of the risks between the parties, and other public policy considerations, the provision in JPMorgan Chase's standardized residential mortgages relating to the cost of forced-placed insurance is procedurally unconscionable.

59. The same provision is substantively unconscionable because it does not disclose nor contemplate that Chase or an affiliate will derive a hidden profit or other financial benefit by procuring force-placed insurance.  No reasonable person would have contemplated or agreed to the foregoing provision if they were aware that a portion of the "cost" of force-placed insurance

14

procured by Chase – and charged back to the mortgage accounts of Plaintiffs and the Classes – would be returned, transferred or paid to Chase or an affiliate.

60. Based on the procedural and substantive unconscionability of the contract provision at issue, JPMorgan Chase and/or Chase Home Finance should be required to refund an amount equal to all hidden profits or other financial benefits previously collected from Plaintiffs and members of the Class, and to rescind all such amounts charged but not yet collected from Plaintiffs and the Classes.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs on behalf of themselves and other members of the Classes, demand judgment against JPMorgan Chase and/or Chase Home Finance as follows:

(1) Declaring this action to be a proper class action maintainable pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure and declaring Plaintiffs and their counsel to be representatives of the Classes;

(2) Awarding damages sustained by Plaintiffs and the Classes as a result of JPMorgan Chase's and/or Chase Home Finance's breach of the implied covenant of good faith and fair dealing, together with prejudgment interest;

(3) Finding that JPMorgan Chase and/or Chase Home Finance have been unjustly enriched and requiring JPMorgan Chase and/or Chase Home Finance to refund all unjust benefits to Plaintiffs and the Classes, together with prejudgment interest;

(4) Declaring the provision in JPMorgan Chase's standardized residential mortgage instruments relating to the cost of temporary force-placed insurance coverage to be procedurally and substantively unconscionable, and requiring JPMorgan Chase and/or Chase Home Finance to refund an amount equal to all hidden profits or

   other financial benefits collected from Plaintiffs and the Classes, and to rescind all such amounts charged but not yet collected from Plaintiffs and the Classes by virtue of said provision;

(5)  Awarding Plaintiffs and the Classes costs and disbursements and reasonable allowances for the fees of Plaintiffs' and Class' counsel and experts, and reimbursement of expenses; and

(6)  Such other and further relief as the Court deems just and equitable.

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury of all claims and issues so triable.

     */s/Robert C. Gilbert*
     Robert C. Gilbert
     Florida Bar No. 561861
     ALTERS|BOLDT|BROWN|RASH|CULMO
     4141 NE 2nd Avenue
     Suite 201
     Miami, Florida 33137
     Telephone: (305) 571-8550
     Facsimile: (305) 571-8558

     *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 10 March 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

*/s/Robert C. Gilbert*
Robert C. Gilbert
Florida Bar No. 561861

**SERVICE LIST**

Dennis M. Campbell (Fla Bar No. 271527)
CLARKE SILVERGLATE & CAMPBELL, P.A.
799 Brickell Plaza
Suite 900
Miami, FL  33131
Telephone:	(305) 377-0700
Facsimile:	(305) 377-3001
Email:		dcampbell@csclawfirm.com

*Co-Counsel for Defendants*
[Service via CM/ECF Notice of Electronic Filing]

LeAnn Pederson Pope (*pro hac vice* pending)
Stephen R. Meinertzhagen (*pro hac vice* pending)
Michael G. Salemi (*pro hac vice* pending)
BURKE, WARREN, MACAY & SERRITELLA, P.C.
330 North Wabash Avenue
22nd Floor
Chicago, IL  60611-3607
Telephone:	(312) 840-7000
Facsimile:	(312) 840-7900
Email:		lpope@burkelaw.com
		smeinertzhagen@burkelaw.com
		msalemi@burkelaw.com

*Co-Counsel for Defendants*
[Service via CM/ECF Notice of Electronic Filing]