IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 09-21123-CIV-King/Bandstra

| | |
|---|---|
| MICHAEL ABELS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | |
| JPMORGAN CHASE BANK, N.A., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'
THIRD AMENDED CLASS ACTION COMPLAINT**

Defendants JPMorgan Chase Bank, N.A. ("JPMorgan Chase") and Chase Home Finance, LLC ("Chase Home Finance") (collectively, the "Chase Defendants"), by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to the Third Amended Complaint of Plaintiffs Michael and Jackeline Abels ("Plaintiffs").

**NATURE OF THE ACTION**

1. The Chase Defendants admit that Plaintiffs initiated this action seeking the relief stated in the first sentence of paragraph 1 against JPMorgan Chase and Chase Home Finance. The Chase Defendants deny that Chase Home Finance is a wholly-owned subsidiary of JPMorgan Chase, but admit that Chase Home Finance is wholly owned by Chase Home Finance, Inc., and Chase Home Finance, Inc. is a wholly owned subsidiary of JPMorgan Chase. The Chase Defendants admit that American Security Insurance Company transferred some or all of the risk under the lender-placed insurance policy procured to an affiliate of the Chase Defendants in return for a portion of the insurance premium under a reinsurance arrangement. The Chase

Defendants deny any wrongdoing, deny that Plaintiffs are entitled to any relief as to the Chase Defendants, and deny the remaining allegations in paragraph 1.

## JURISDICTION AND VENUE

2.  The Chase Defendants admit that this Court has jurisdiction pursuant to 28 U.S.C. §1332(d) because this case is filed as a class action, Plaintiffs allege that the amount in controversy exceeds $5,000,000, Plaintiffs allege they are citizens of Florida, and because, for diversity purposes, the Chase Defendants are citizens of a different state. The Chase Defendants deny the remaining allegations in paragraph 2.

3.  The Chase Defendants admit that venue in this district is proper under 28 U.S.C. § 1391(b)(1), but deny the remaining allegations in paragraph 3.

## PARTIES

4.  The Chase Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4, and therefore deny those allegations.

5.  The Chase Defendants admit that JPMorgan Chase is a national bank organized under the laws of the United States of America and provides residential lending services to some of its customers. The Chase Defendants admit that JPMorgan Chase conducts business in the State of Florida and that JPMorgan Chase is a wholly owned subsidiary of JPMorgan Chase & Co. The Chase Defendants deny the remaining allegations in paragraph 5.

6.  The Chase Defendants admit that Chase Home Finance is a foreign limited liability company with its principal place of business in New Jersey. The Chase Defendants admit that Chase Home Finance conducts business in the State of Florida, but deny that Chase Home Finance is a wholly-owned subsidiary of JPMorgan Chase, and state that Chase Home Finance is wholly owned by Chase Home Finance, Inc., which, in turn, is a wholly owned subsidiary of JPMorgan Chase. The Chase Defendants admit that Chase Home Finance serves as

JPMorgan Chase's servicer for certain mortgage loans, as well as the servicer for other entities. The Chase Defendants deny the remaining allegations in paragraph 6.

## CLASS ALLEGATIONS

7. The Chase Defendants admit that Plaintiffs purport to bring this action on behalf of a putative class. The Chase Defendants deny that Plaintiffs have met the requirements for certifying a class under Federal Rule of Civil Procedure 23, deny that any class should be certified, and deny the remaining allegations in paragraph 7.

8. The Chase Defendants admit that Plaintiffs purport to bring this action on behalf of a putative class and subclass as defined in this paragraph. The Chase Defendants deny that Plaintiffs have met the requirements for certifying a class under Federal Rule of Civil Procedure 23, deny that any class should be certified, and deny the remaining allegations in paragraph 8.

9. The Chase Defendants admit that Plaintiffs purport to reserve the right to modify or amend the proposed class and subclass definitions. The Chase Defendants deny that Plaintiffs have met the requirements for certifying a class under Federal Rule of Civil Procedure 23, deny that any class should be certified, and deny the remaining allegations in paragraph 9.

10. The Chase Defendants admit that Plaintiffs purport to exclude the identified persons from their proposed class and subclass definitions. The Chase Defendants deny that Plaintiffs have met the requirements for certifying a class under Federal Rule of Civil Procedure 23, deny that any class should be certified, and deny the remaining allegations in paragraph 10.

11. The Chase Defendants deny that Plaintiffs have met the requirements for certifying a class under Federal Rule of Civil Procedure 23, deny that any class should be certified, and deny the remaining allegations in paragraph 11.

12.     The Chase Defendants deny that Plaintiffs have met the requirements for certifying a class under Federal Rule of Civil Procedure 23, deny that any class should be certified, and deny the remaining allegations in paragraph 12 and each of its subparts.

17.[1]    The Chase Defendants deny the allegations in the first sentence of paragraph 17. The Chase Defendants admit that Plaintiffs were charged for lender-placed insurance procured by Chase Home Finance from American Security Insurance Company to insure Plaintiffs' property, which secured a mortgage originated by JPMorgan Chase and serviced by Chase Home Finance. The Chase Defendants deny that Plaintiffs have met the requirements for certifying a class under Federal Rule of Civil Procedure 23, deny that any class should be certified, and deny the remaining allegations in paragraph 17.

18.     The Chase Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18, and therefore deny those allegations.

19.     The Chase Defendants deny that Plaintiffs have met the requirements for certifying a class under Federal Rule of Civil Procedure 23, deny that any class should be certified, and deny the remaining allegations in paragraph 19.

20.     The Chase Defendants deny that Plaintiffs have met the requirements for certifying a class under Federal Rule of Civil Procedure 23, deny that any class should be certified, and deny the remaining allegations in paragraph 20.

## COMMON FACTUAL ALLEGATIONS

21.     The Chase Defendants admit that, in June 2005, Plaintiffs obtained a loan from JPMorgan Chase in the amount of $194,582.00, secured by a mortgage on property located in

---

[1] Plaintiffs' Third Amended Complaint does not contain any paragraphs numbered 13 – 16. To avoid confusion and in the interest of uniformity, the numbering in the Chase Defendants' Answer corresponds to the numbering in Plaintiffs' Third Amended Complaint and therefore does not include any responses numbered paragraphs 13 – 16.

Miami-Dade County, Florida, and that a copy of what purports to be Plaintiffs' mortgage is attached as Exhibit A to the Third Amended Complaint. The Chase Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 21, and therefore deny those allegations.

22. The Chase Defendants admit that Plaintiffs' Mortgage is a Fannie Mae/Freddie Mac Uniform Security Instrument Form 3010 and that JPMorgan Chase utilized this instrument (and other instruments) for some mortgage loans in the State of Florida. The Chase Defendants admit that JPMorgan Chase utilizes other mortgage instruments, including other Fannie Mae/Freddie Mac Uniform Security Instruments, in other states. The Chase Defendants deny the remaining allegations in paragraph 22.

23. The Chase Defendants admit that Chase Home Finance has serviced Plaintiffs' mortgage loan at all times since June 2005. The Chase Defendants deny the remaining allegations in the first sentence of paragraph 23. The Chase Defendants admit that, as the loan servicer, Chase Home Finance is responsible for servicing the loan, sending monthly mortgage statements, collecting monthly mortgage payments, collecting and maintaining escrows for taxes and insurance (where required), paying taxes and insurance (where required), monitoring and ensuring that all required forms of insurance are in full force and effect, notifying Plaintiffs of insurance lapses, procuring and paying for lender-placed insurance. The Chase Defendants deny the remaining allegations in paragraph 23.

24. The Chase Defendants admit that Chase Home Finance services Plaintiffs' mortgage loans, as well as other mortgage loans originated and/or owned by JPMorgan Chase. The Chase Defendants admit that Chase Home Finance services mortgage loans for certain

5

mortgage loans originated by JPMorgan Chase following the sale or transfer of those mortgage loans. The Chase Defendants deny the remaining allegations in paragraph 24.

25. The Chase Defendants admit that, pursuant to their mortgage, Plaintiffs are required to insure the improvements on their property, and admit that the remainder of paragraph 25 purports to quote from Section 5 of their mortgage. The Chase Defendants deny paragraph 25 to the extent it is inconsistent with Plaintiffs' note and mortgage.

26. The Chase Defendants admit that other mortgage instruments JPMorgan Chase uses contain provisions requiring the borrower to insure the property. The Chase Defendants deny the remaining allegations in paragraph 26.

27. The Chase Defendants admit that Section 5 of Plaintiffs' mortgage provides "that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained," but deny paragraph 27 to the extent it is inconsistent with Plaintiffs' note and mortgage, and deny the remaining allegations in paragraph 27.

28. The Chase Defendants admit the allegations in the first sentence of paragraph 28. The Chase Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the second sentence of paragraph 28.

29. The Chase Defendants admit the allegations contained in paragraph 29.

30. The Chase Defendants admit that, during the 20-day period in which Plaintiffs' failed to maintain the insurance required under their mortgage, Chase Home Finance secured insurance coverage from American Security Insurance Company. The Chase Defendants admit that a copy of a notification from Chase Home Finance to Plaintiffs regarding the temporary lender-placed insurance coverage is attached as Exhibit B to Plaintiffs' Third Amended Complaint. The Chase Defendants deny the remaining allegations in paragraph 30.

31. The Chase Defendants admit that the notification attached as Exhibit B to Plaintiffs' Third Amended Complaint does not disclose that the Chase Defendants, or an affiliate, derived a profit or financial benefit because a portion of cost of procuring lender-placed insurance from American Security would be returned, transferred or paid to the Chase Defendants or an affiliate. The Chase Defendants admit that the cost of the insurance premium was placed on Plaintiffs' account. The Chase Defendants admit that American Security Insurance Company transferred some or all of the risk under the lender-placed insurance policy procured to an affiliate of the Chase Defendants in return for a portion of the insurance premium under a reinsurance arrangement, but deny the remaining allegations in paragraph 31.

32. The Chase Defendants admit that American Security Insurance Company transferred some or all of the risk under the lender-placed insurance policy procured to an affiliate of the Chase Defendants in return for a portion of the insurance premium under a reinsurance arrangement, but deny the remaining allegations in paragraph 32.

33. The Chase Defendants deny the allegations in paragraph 33.

34. The Chase Defendants admit that the Florida Department of Insurance and/or the Office of Insurance Regulation ("OIR") govern insurance rates and that Plaintiffs do not assert claims against any insurance company in this action. The Chase Defendants deny the remaining allegations in paragraph 34.

35. The Chase Defendants admit the allegations in the first sentence of paragraph 35. The Chase Defendants admit that JPMorgan Chase is a financial institution, but deny the remaining allegations in the second sentence of paragraph 35. The Chase Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the third

and fourth sentences in paragraph 35. The Chase Defendants deny the allegations in the fifth sentence of paragraph 35.

36. The Chase Defendants deny that Plaintiffs have exhausted their administrative remedies and deny that Plaintiffs have filed any proper complaint with the proper administrative agencies. The Chase Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 36, and therefore deny those allegations.

37. The Chase Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37, and therefore deny those allegations.

38. The Chase Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 38 or the allegations regarding the letter attached as Exhibit H, and therefore deny those allegations. The Chase Defendants admit that Chase Home Finance sent Plaintiffs the letters attached as Exhibits I and J to Plaintiffs' Third Amended Complaint. The Chase Defendants admit that paragraph 38 purports to quote from and summarize Exhibits I and J and that Chase Home Finance disclosed to Plaintiffs that the insurance it procured as a result of the lapse in coverage would be more expensive than insurance Plaintiffs may have been able to obtain themselves, but deny those allegations to the extent it is inconsistent with Exhibits I and J, and deny the remaining allegations in paragraph 38.

39. The Chase Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39, and therefore deny those allegations.

40. The Chase Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40, and therefore deny those allegations.

41. The Chase Defendants deny the allegations in paragraph 41.

42.  The Chase Defendants deny the allegations in paragraph 42.

## COUNT I
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

43.  The Chase Defendants incorporate by references their responses to the allegations set forth in paragraphs 21 through 42.

44.  The Chase Defendants deny the allegations in paragraph 44 to the extent they are inconsistent with United States law, Florida law, or the terms of Plaintiffs' note and mortgage.

45.  The Chase Defendants deny the allegations in paragraph 45 to the extent they are inconsistent with United States law, Florida law, or the terms of Plaintiffs' note and mortgage.

46.  The Chase Defendants admit that Section 5 of Plaintiffs' mortgage provides, among other things, that "[i]f Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrowers' expense." The Chase Defendants further admit that Section 5 of Plaintiffs' mortgage provides, among other things, "Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained." The Chase Defendants deny the allegations in paragraph 46 to the extent they are inconsistent with Plaintiffs' mortgage, deny that Plaintiffs have met the requirements for certifying a class under Federal Rule of Civil Procedure 23, deny that any class should be certified and therefore deny that there are any "members of the Classes." The Chase Defendants admit that American Security Insurance Company transferred some or all of the risk under the lender-placed insurance policy procured to an affiliate of the Chase Defendants in return for a portion of the insurance premium under a reinsurance arrangement, but deny the remaining allegations in paragraph 46.

47.  The Chase Defendants admit that American Security Insurance Company transferred some or all of the risk under the lender-placed insurance policy procured to an

affiliate of the Chase Defendants in return for a portion of the insurance premium under a reinsurance arrangement, but deny the remaining allegations in paragraph 47.

48.     The Chase Defendants deny the allegations in paragraph 48, deny that Plaintiffs have met the requirements for certifying a class under Federal Rule of Civil Procedure 23, and deny that any class should be certified.

## COUNT II
## UNJUST ENRICHMENT

49.     The Chase Defendants incorporate by references their responses to the allegations set forth in paragraphs 21 through 42.

50.     The Chase Defendants admit that Section 5 of Plaintiffs' mortgage provides, among other things, that "[i]f Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense." The Chase Defendants further admit that Section of 5 of Plaintiffs' mortgage provides, among other things, that "Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained." The Chase Defendants deny the allegations in paragraph 50 to the extent they are inconsistent with Plaintiffs' mortgage, deny that Plaintiffs have met the requirements for certifying a class under Federal Rule of Civil Procedure 23, deny that any class should be certified and therefore deny that there are any "members of the Classes," and deny the remaining allegations in paragraph 50.

51.     The Chase Defendants deny the allegations in paragraph 51, deny that Plaintiffs have met the requirements for certifying a class under Federal Rule of Civil Procedure 23, deny that any class should be certified, and therefore deny that there are any "Classes."

52.     The Chase Defendants deny the allegations in paragraph 52, deny that Plaintiffs have met the requirements for certifying a class under Federal Rule of Civil Procedure 23, deny that any class should be certified, and therefore deny that there are any "Classes."

53.     The Chase Defendants deny the allegations in paragraph 53, deny that Plaintiffs have met the requirements for certifying a class under Federal Rule of Civil Procedure 23, deny that any class should be certified, and therefore deny that there are any "Classes."

**COUNT III**
**UNCONSCIONABILITY**

54.     The Chase Defendants incorporate by references their responses to the allegations set forth in paragraphs 21 through 42.

55.     The Chase Defendants admit that paragraph 55 purports to summarize or paraphrase Section 5 of Plaintiffs' mortgage, but deny that Plaintiffs' mortgage is "JPMorgan Chase's standardized residential mortgage instrument," deny the allegations of this paragraph to the extent they are inconsistent with Plaintiffs' mortgage or other loan documents reflecting the terms of Plaintiffs' loan, and deny the remaining allegations in paragraph 55.

56.     The Chase Defendants admit that paragraph 56 purports to quote Section 5 of Plaintiffs' mortgage, but deny that Plaintiffs' mortgage is "JPMorgan Chase's standardized residential mortgage instrument," deny the allegations of this paragraph to the extent they are inconsistent with Plaintiffs' mortgage or other loan documents reflecting the terms of Plaintiffs' loan, and deny the remaining allegations in paragraph 55.

57.     The Chase Defendants admit that Plaintiffs are borrowers. The Chase Defendants deny the remaining allegations in paragraph 57, deny that Plaintiffs have met the requirements for certifying a class under Federal Rule of Civil Procedure 23, deny that any class should be certified, and therefore deny that there are any "Classes."

58.     The Chase Defendants deny the allegations in paragraph 58, deny that Plaintiffs have met the requirements for certifying a class under Federal Rule of Civil Procedure 23, deny that any class should be certified, and therefore deny that there are any "Classes."

59.     The Chase Defendants deny the allegations in paragraph 59, deny that Plaintiffs have met the requirements for certifying a class under Federal Rule of Civil Procedure 23, deny that any class should be certified, and therefore deny that there are any "Classes."

60.     The Chase Defendants deny the allegations in paragraph 60, deny that Plaintiffs have met the requirements for certifying a class under Federal Rule of Civil Procedure 23, deny that any class should be certified, and therefore deny that there are any "Classes."

## PRAYER FOR RELIEF

The remaining paragraphs of the Third Amended Complaint are prayers for relief to which no response is required. To the extent a response is required, the Chase Defendants deny that Plaintiffs are entitled to any damages, costs, fees, or other relief, and deny any allegations in those paragraphs.

WHEREFORE, Defendants JPMorgan Chase Bank, N.A. and Chase Home Finance, LLC respectfully request entry of judgment in their favor on all claims asserted in Plaintiffs' Third Amended Complaint and such further relief as the Court finds just and appropriate.

## DEFENDANTS' AFFIRMATIVE OR OTHER DEFENSES TO PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT

1. The Chase Defendants reserve the right to assert additional affirmative defenses disclosed during discovery.

2. Plaintiffs also purport to bring their claims on behalf of a putative class. In the event any class is certified in this action, the Chase Defendants reserve the right to assert additional affirmative defenses as may be appropriate against members of any certified class.

### FIRST AFFIRMATIVE DEFENSE
### (FILED RATE DOCTRINE)

3. Plaintiffs' claims are barred under the filed rate doctrine because the insurance premium rate they challenge as "excessive" was filed with and approved by Florida's Office of Insurance Regulation.

### SECOND AFFIRMATIVE DEFENSE
### (PLAINTIFFS LACK STANDING)

4. Plaintiffs' claims are barred because they lack standing since they have not incurred any injury. The insurance premium rate they challenge as "excessive" was filed with and approved by Florida's Office of Insurance Regulation.

5. Plaintiffs' claims are barred because they lack standing since they have not incurred any injury. Plaintiffs have not reimbursed Chase Home Finance for the cost of the lender-placed insurance and have otherwise not been damaged by the placement of that insurance.

6. Plaintiffs' claims are barred because they lack standing to assert any claims against JPMorgan Chase Bank, N.A. JPMorgan Chase Bank, N.A. sold its interest in Plaintiffs' note and mortgage before September 26, 2007, when Plaintiffs breached their mortgage by failing to maintain the insurance coverage their mortgage agreement requires. JPMorgan Chase

13

Bank, N.A. had no ownership interest in Plaintiffs' note and mortgage during the relevant time period.

### THIRD AFFIRMATIVE DEFENSE
### (FAILURE TO EXHAUST REMEDIES)

7. Plaintiffs' claims are barred because they have failed to exhaust their administrative remedies. Florida's Office of Insurance Regulation has primary jurisdiction over Plaintiffs' claims to the extent they challenge the premium as "excessive." Plaintiffs' exclusive remedy for challenging insurance rates is set forth in Florida's Insurance Code.

### FOURTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

8. Plaintiffs' claims are barred by the doctrine of unclean hands. Plaintiffs breached the terms of their mortgage when they failed to maintain the insurance coverage their mortgage agreement requires.

### FIFTH AFFIRMATIVE DEFENSE
### (ESTOPPEL)

9. Plaintiffs' claims are barred by the doctrine of estoppel. Under their mortgage, Plaintiffs "acknowledge[d] that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained."

10. Plaintiffs breached the terms of their mortgage by failing to maintain the insurance coverage their mortgage agreement requires and are now complaining regarding the cost of the insurance procured as a result of their breach.

WHEREFORE, Defendants JPMorgan Chase Bank, N.A. and Chase Home Finance, LLC respectfully request entry of judgment in their favor on all claims asserted in Plaintiffs' Third Amended Complaint and such further relief as the Court finds just and appropriate.

Date:   April 1, 2010                                Respectfully submitted,

                                                     JPMORGAN CHASE BANK, N.A., and
                                                     CHASE HOME FINANCE, LLC

                                                     By:    /s/ Dennis M. Campbell


Dennis M. Campbell (Fla Bar No. 271527)              LeAnn Pedersen Pope (*pro hac vice*)
CLARKE SILVERGLATE & CAMPBELL, P.A.                  Stephen R. Meinertzhagen (*pro hac vice*)
799 Brickell Plaza, Suite 900                        Michael G. Salemi (*pro hac vice*)
Miami, Florida 33131                                 BURKE, WARREN, MACKAY
Telephone:  (305) 377-0700                              & SERRITELLA, P.C.
Facsimile:  (305) 377-3001                           330 North Wabash Avenue, 22nd Floor
Email: dcampbell@csclawfirm.com                      Chicago, Illinois 60611-3607
                                                     Telephone:  (312) 840-7000
                                                     Facsimile:  (312) 840-7900
                                                     Email:  lpope@burkelaw.com
                                                             smeinertzhagen@burkelaw.com
                                                             msalemi@burkelaw.com

15

## CERTIFICATE OF SERVICE

    I hereby certify that on April 1, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                 /s/ Dennis M. Campbell

## SERVICE LIST

**Abels, *et al.* v. JPMorgan Chase Bank, N.A.**
**Case No. 09-21123-CIV-King/Bandstra**
**United States District Court, Southern District of Florida**

Robert C. Gilbert (Fla. Bar No. 561861)
Robert B. Brown, III (Fla. Bar No. 621609)
Jeremy W. Alters (Fla. Bar No. 111790)
Kimberly L. Boldt (Fla. Bar No. 957399)
ALTERS | BOLDT | BROWN | RASH | CULMO
Miami Design District
4141 NE 2nd Avenue, Suite 201
Miami, Florida 33137
Telephone: (305) 571-8550
Facsimile: (305) 571-8558
*Attorneys for Plaintiffs*
*Michael Abels and Jackeline Abels*

672494v2